IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MADELINE CRUZ : <br> 320 Erie Avenue : <br> Telford, PA 18969 : <br>           Plaintiff, : <br> : <br>       v. : <br> : <br> PENNRIDGE REGIONAL POLICE : <br> DEPARTMENT : <br> 140 East Church Street : <br> Sellersville, PA 18960 : <br> : <br>    And : <br> : <br> OFFICER TIMOTHY MALONEY : <br> c/o Pennridge Regional Police : <br> Department : <br> 140 East Church Street : <br> Sellerville, PA 18960 : <br>           Defendant. : | Civil Action No. |

**COMPLAINT AND JURY DEMAND**

**INTRODUCTION**

    1.    Plaintiff, Madeline Cruz, brings this action under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e-1 *et. seq.* and the Pennsylvania Human Relations Act, 43 P.S. §951 *et. seq.*  Plaintiff seeks injunctive and declaratory relief, back pay, liquidated damages, rehire, or alternatively front pay, costs, attorney's fees and compensatory and punitive damages from Pennridge Regional Police Department to compensate her for defendants repeated acts of discrimination and harassment against her in hiring, promotions, job assignments and disciplinary practices sexual and racially

inappropriate comments directed to plaintiff and allowing the plaintiff to be intimidated by co-employees in retaliation for complaining about the discrimination and firing the plaintiff in retaliation for making complaints about the harassment.

2. In addition, plaintiff seeks damages including attorney's fees and compensatory and punitive damages from the individual defendants for the defamation and intentional infliction of emotional distress related to her loss of job and damage to her reputation caused by him.

## JURISDICTION

3. The Court has jurisdiction over this civil action which is an action to recover damages under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, as amended by the Civil Rights Act of 1991.

4. The Court has pendent jurisdiction over plaintiff's state law claims under the Pennsylvania Human Relations Act, 43 P.S. §951 *et. seq.* and Pennsylvania state law.

5. Plaintiff has complied with all jurisdictional pre-requisites, including filing this Complaint within 90 days of the issuance of the right to sue letter form the EEOC.

6. The amount in controversy exceeds $150,000.00, exclusive of interest and costs.

7. Compensatory damages are sought pursuant to the state law claims and pursuant to the Civil Rights Act of 1991, and the Pennsylvania Human Relations Act.

8. Punitive damages are sought pursuant to the Civil Rights Act.

9. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. §2000e-5(k).

10. Expert witness fees may be awarded pursuant to the Civil Rights Act of 1991.

## VENUE

11. This action properly lies in the Eastern District of Pennsylvania, pursuant to 42 U.S.C. §2000e-5(f)(3) because the unlawful employment practice was committed in this judicial district, as well as defendant maintaining a principal place of business, in the Eastern District of Pennsylvania.

## PARTIES

12. Plaintiff, Madeline Cruz, is a female citizen of the Commonwealth of Pennsylvania residing at 320 Erie Avenue, Telford, PA 18969.

13. Defendant, Pennridge Regional Police Department is a municipal corporation and/or political subdivision of the Commonwealth of Pennsylvania and more specifically Bucks County and are organized and existing pursuant to the laws of the Commonwealth of Pennsylvania and engaged in police and law enforcement activities for its local jurisdictions and currently maintaining a principal place of business in the Eastern District of Pennsylvania at 140 East Church Street, Sellersville, PA 18960.

14. Defendant, Pennridge Regional Police Department is an "employer" within the meaning of 42 U.S.C. sec. 2000e(b).

15. Defendant, Timothy Maloney resides in the Eastern District of Pennsylvania.

16. Plaintiff believes and therefore avers that the defendant, Timothy Maloney resides at 8 Penn Kellers Church Road, Bedminster, PA.

## FACTS

17. After graduation from the Montgomery County Police Academy, Ms. Cruz, a Hispanic female was hired by the defendant on or about May 29, 1998, as a temporary, part-time police intern and told that she would be considered for a full-time position after Labor Day if a

position was available.

18. During her internship, the plaintiff was routinely belittled and treated in a condescending fashion by her field training officer, Timothy Maloney. The Plaintiff complained about her treatment by Officer Maloney to Sergeant McGlinchey, but no corrective action was taken.

19. During an interview for a full-time position at the end of her internship, a representative of the defendant asked the plaintiff whether she planned to marry, if she was planning on having children and what effect these decisions would have on her career.

20. Despite receiving good reviews during the period of her internship, the one open position on the police force was given to a male intern and the plaintiff was given a part-time position.

21. On September 23, 1998, when an opening for a police officer became available the Plaintiff, the only other intern available, was hired as a full time officer.

22. Plaintiff, Madeline Cruz was the first full-time female police officer ever hired to work for the defendant.

23. There were lockers and changing rooms for the male employees, but no lockers or changing rooms for Ms. Cruz.

24. Pursuant to defendant's departmental policy the plaintiff was to serve a minimum one year probationary period with periodic evaluations by her supervisors including, Sergeant James Apgar.

25. Throughout her employment, Officer Maloney made derogatory comments about the Plaintiff's race. When asked if he had a problem with Hispanics, Officer Maloney responded

that he had problems with "black people."

26. Throughout her employment, plaintiff, Madeline Cruz, was repeatedly subjected to gender and racial discrimination and unwelcome sexual overtures including but not limited to sexually offensive and racially discriminatory comments by employees of defendant, Pennridge Regional Police Department.

27. On or about November 15, 1998 plaintiff injured her back lifting a man hole cover while in the course of her duties. Plaintiff was sent for an examination and treatment with a physician at Grandview Hospital selected by the defendant. The physician recommended a leave of absence from street duties while her injuries healed. As recommended by the physician selected by the defendant, plaintiff did not return to full street police duties for seven weeks.

28. Defendants extended plaintiff's one year probationary period for seven weeks with the stated reason that she had been out of work as a consequence of her back injury yet the defendant never extended the probationary period for male officers who likewise missed work during their probationary period due to a work related injuries.

29. After making her return to work following her back injury, the harassment and hostility directed towards the plaintiff by her male co-workers escalated.

30. Her male co-workers ridiculed her in the form of comments and cartoons, calling the Plaintiff a "Bitch" and implying that the Plaintiff was malingering during her medical leave. (See Cartoons attached hereto as Plaintiff's Exhibit "B").

31. Sexually offensive materials regarding the plaintiff and other women were displayed in the workplace including but not limited to sexually oriented advertisements with the plaintiff's picture placed thereon so as to embarrass and humiliate the plaintiff. (See, for

example, Exhibit "A" which is an ad for "Surgery Centers for Men" with the plaintiff's picture superimposed which was posted in the workplace).

32.     Plaintiff's Field Training Officer, Officer Maloney, referred to the plaintiff as a "Bitch" and would verbally ridicule and demean plaintiff regarding her work in front of the other male officers resulting in further damage to her reputation.

33.     In or around January 1999, the other officers arranged for the plaintiff to get a "prank" telephone voicemail message from "an attorney" who accused the plaintiff of sexually assaulting a prisoner while in her custody. The plaintiff was horrified and distraught over the false allegations and the damage to her reputation.

34.     In or around March of 1999, Sergeant Blake verbally suggested to the Plaintiff that he should keep his eye on her when she was in the lieutenant's office to prevent the plaintiff from making sexual advances on the lieutenant.

35.     On or around May 25, 1999, the plaintiff received a letter of reprimand for being late on May 19, 1999. Male officers were routinely late without receiving such a written reprimand.

36.     The plaintiff's male co-workers referred to the plaintiff as a "nice colored girl," and routinely made other ethnic related comments to the plaintiff.

37.     Her co-workers placed dead bugs and chewed up gum in her box which contained her personal items including female hygiene products. They also ransacked her desk.

38.     On or around July 25, 1999, the plaintiff discovered another cartoon depicting her and her partner in a sexually compromising position.

39.     In August, the plaintiff called in sick for work and was treated differently than

male officers that called in sick, in that her work was not covered and she was inappropriately held responsible for the lack of coverage.

    40.    On one occasion, a co-worker, a fellow police officer, told the plaintiff that the Chief wanted to "do" her.

    41.    Plaintiff complained on more than one occasion to various personnel in supervisory positions, including but not limited to Chief Dilling regarding the discriminatory behavior referenced above.

    42.    Despite her complaints, no real corrective or disciplinary action was taken.

    43.    To the contrary, after each complaint, the discrimination intensified and retaliatory actions were taken against the plaintiff including but not limited to the following:

    a.    The plaintiff's probationary period was extended.

    b.    Issues regarding plaintiff's work performance were falsely stated and/or grossly exaggerated in written and verbal reports.

    c.    Defendant, Officer Maloney, lodged complaints alleging that the plaintiff had not completed certain reports and falsely claiming that the plaintiff had behaved inappropriately when she received a traffic ticket while on vacation.

    d.    On or around November 14, 1999, Madeline Cruz' employment was wrongfully terminated.

    44.    The reasons given to support plaintiff's termination were false and/or exaggerated to hide the true discriminatory and retaliatory nature of her firing.

## COUNT I - GENDER DISCRIMINATION

    45.    Plaintiff incorporates by reference each allegation contained in the above

paragraphs as if fully set forth herein at length.

46. Defendants' conduct occurred because of plaintiff's sex, and created severe and pervasive conditions of employment, altering plaintiff's work environment and creating a hostile work environment.

47. The acts, failures to act, practices and policies of defendants set forth above constitute intentional discrimination and sexual harassment, on the basis of plaintiff's sex and discharge in retaliation for complaining of such discrimination and harassment in violation of section 703 of Title VII, 42 U.S.C. §2000e and of the Pennsylvania Human Relations Act, 43 P.S. §951.

48. As a proximate result of defendants' conduct, plaintiff has suffered and continues to suffer substantial losses in earnings, job experience, retirement benefits, and other employee benefits that she would have received absent defendants' discrimination.

49. As a further proximate result of the above-mentioned acts, plaintiff has suffered humiliation, mental pain and anguish, and physical injuries.

50. The above acts of defendant were willful, wanton, and malicious and justify the awarding of punitive damages.

WHEREFORE, plaintiff requests judgment against defendants as follows:

    a. for compensatory damages, including lost wages and benefits, and emotional distress damages;

    b. for punitive damages;

    c. for attorney's fees and costs of suit;

    d. for prejudgment interest on amounts claimed; and

e.	for such other and further relief as the Court deems proper.

## COUNT III - DISCRIMINATION BASED ON RACE

51.	Plaintiff incorporates by reference each allegation contained in the above paragraphs as if fully set forth herein at length.

52.	Defendants' conduct occurred in part because of the plaintiff's race and created severe and pervasive conditions of employment, altering plaintiff's work environment and creating a hostile work environment.

53.	The defendants' discrimination would detrimentally affect a reasonable person in plaintiff's position.

54.	The acts, failures to act, practices and policies of defendants set forth above constitute intentional discrimination, harassment, on the basis of plaintiff's race and discharge in retaliation for complaining of such discrimination and harassment in violation of section 703 of Title VII, 42 U.S.C. §2000e and of the Pennsylvania Human Relations Act, 43 P.S. §951.

55.	As a direct and proximate result of defendants' conduct, plaintiff has suffered and continues to suffer substantial losses in earnings, job experience, retirement benefits and other employee benefits that he would have received absent defendants' discrimination.

56.	As a further direct and proximate result of the above mentioned acts, plaintiff has suffered humiliation, mental pain and anguish and physical injuries.

57.	The above acts of defendant were willful, wanton and malicious and justify the awarding of punitive damages.

WHEREFORE, plaintiff requests judgment against defendants as follows:

a.	for compensatory damages, including lost wages and benefits, and emotional

       distress damages;

b.     for punitive damages;

c.     for attorney's fees and costs of suit;

d.     for prejudgment interest on amounts claimed; and

e.     for such other and further relief as the Court deems proper.

## COUNT III - WRONGFUL DISCHARGE

58.     Plaintiff incorporates by reference each allegation contained in the above paragraphs as if fully set forth herein at length.

59.     The above-described actions of defendants constitutes a constructive wrongful discharge contrary to public policy, entitling plaintiff to general, compensatory and punitive damages.

WHEREFORE, plaintiff requests judgment against defendants as follows:

a.     for compensatory damages, including lost wages and benefits, and emotional distress damages;

b.     for punitive damages;

c.     for attorney's fees and costs of suit;

d.     for prejudgment interest on amounts claimed; and

e.     for such other and further relief as the Court deems proper.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

60.     Plaintiff incorporates by reference each allegation contained in the above paragraphs as if fully set forth herein at length.

61.     Defendants, Pennridge Police Department and Officer Maloney, in committing the above-described acts, intended to and did inflict severe emotional distress upon plaintiff. Defendant acted with a reckless disregard of the probability of causing plaintiff emotional distress.

62.     As a direct result of the outrageous acts and omissions, conduct and discrimination, plaintiff suffered severe emotional distress.

WHEREFORE, plaintiff requests judgment against defendants as follows:

a.      for compensatory damages, including lost wages and benefits, and emotional distress damages;

b.      for punitive damages;

c.      for attorney's fees and costs of suit;

d.      for prejudgment interest on amounts claimed; and

e.      for such other and further relief as the Court deems proper.

## COUNT V - DEFAMATION

63.     Plaintiff hereby repeats each and every allegation contained in the Statement of Facts and all other counts as if fully set forth herein.

64.     Defendant, Officer Maloney, with actual knowledge of the falsity thereof, and/or with reckless disregard for the truth or falsity thereof made false statements about the plaintiff including but not limited to false statements made in a memorandum to Sergeant James Apgar regarding Unbecoming Conduct and Unfinished Patrol Log which included the following assertions:

a.      That while on vacation she got angry at a police officer and got into a verbal

      argument;

b.      That she "gloated" about receiving a citation;

c.      That because of the plaintiff he was unable to find the Patrol log;

d.      That because of the plaintiff he was not aware of a school bus accident that the plaintiff was investigating;

e.      That because of the plaintiff he would have been able to give any information about the school bus accident to the public that had called to inquire about the accident; and

f.      That he had requested an explanation from the plaintiff over the unfinished patrol log and that she failed to provide him with a response.

65.      The character of the communication was defamatory because it was false and it harmed the plaintiff's reputation by suggesting that she was incompetent and that she was interfering with the ability of the municipalities serviced by the Pennridge Police Department to get equal coverage and that she was making the police department look unprofessional. Further, defendant, Officer Maloney, published the above noted false statements to her employer.

66.      The supervisors at the Pennridge Police Department understood the defamatory meaning of the false statements published by Officer Maloney.

67.      As a result of the defamatory nature of Officer Maloney's communication along with the other assertions listed above, the plaintiff's job was terminated.

WHEREFORE, for each of the above claims, plaintiff respectfully requests that this Court grant judgment in her favor against defendants and award her relief including but not limited to the following:

    a.    Back pay, front pay and loss of benefits in the event that it is determined that rehire is impossible or inappropriate;

    b.    Reimbursement of all expenses and financial losses plaintiff has incurred as a result of defendant's actions;

    c.    Declaratory relief declaring the acts and practice of defendant to be in violation of the statutes cited above;

    d.    Reasonable attorneys fees plus costs;

    e.    Compensatory damages;

    f.    Punitive damages; and

    g.    Such other relief as this Court shall deem appropriate.

WHEREFORE, plaintiff demands joint and several judgment against the defendants for compensatory damages, punitive damages, attorney's fees, costs, interest and such other and further relief as the Court deem just and proper.

## JURY DEMAND

68.    Plaintiff requests a trial by jury for all issues so triable.


Dated: July 1, 2002                             Respectfully Submitted,
                                                   FELDMAN & PINTO, P.C.


                                                   BY:_____
                                                     Rosemary Pinto, Esquire
                                                     I.D. No. 53114
                                                     J. Bradley McDermott, Esquire
                                                     I.D. No. 43934
                                                   Attorneys for Plaintiff

1604 Locust St., 2nd Floor
Philadelphia, PA 19103
(215)546-2604