**IN THE UNITED STATED DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MADELINE CRUZ** | : | **CIVIL ACTION** |
|     **Plaintiff** | : | |
|   vs. | : | |
| | : | **NO. 02-CV-4372** |
| **PENNRIDGE REGIONAL** | : | |
| **POLICE DEPARTMENT** | : | |
|     **and** | : | |
| **OFFICER TIMOTHY MALONEY** | : | |

**DEFENDANTS PENNRIDGE REGIONAL POLICE DEPARTMENT AND OFFICER TIMOTHY MALONEY'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES**

1.  Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.

2.  Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.

**JURISDICTION**

3.  Denied. It is specifically denied that this court has jurisdiction over this matter.

4.  Denied. It is specifically denied that this court has pendent jurisdiction over Plaintiff's state law claims.

5.  Denied. After reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.

6. Denied. After reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.

7. Denied. Answering Defendants specifically denies that either compensatory damages or punitive damages are recoverable in this matter. Moreover, Plaintiff's Second Amended Complaint is a legal document which will speak for itself.

8. Denied. Answering Defendants specifically denies that either compensatory damages or punitive damages are recoverable in this matter. Moreover, Plaintiff's Second Amended Complaint is a legal document which will speak for itself.

9. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required.

10. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required.

## VENUE

11. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.

## PARTIES

12. Denied. After reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.

13. Admitted.

14. Denied. This response calls for a legal conclusion to which no response is necessary.

15. Admitted.

16. Denied. The defendant, Timothy Maloney, resides at 7 Fairhill School Road, Hatfield, PA.

## FACTS

17. It is admitted only that the Plaintiff was hired by the defendant on or about May 29, 1998 as a temporary, part-time police intern. The remaining averments in this paragraph are denied. After reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies the same and demands strict proof thereof at trial.

18. Denied. After reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies the same and demands strict proof thereof at trial.

19. Denied. After reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies the same and demands strict proof thereof at trial.

20. Denied. After reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies the same and demands strict proof thereof at trial.

21. Denied as stated. It is admitted only that in September of 1998 the Plaintiff was hired as a full time police officer.

22. Admitted.

23. Denied. After reasonable investigation, Answering Defendants lack sufficient

knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies the same and demands strict proof thereof at trial.

    24.    Admitted.

    25.    Denied. After reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies the same and demands strict proof thereof at trial.

    26.    Denied. After reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies the same and demands strict proof thereof at trial.

    27.    It is admitted only that in November of 1998 the Plaintiff claimed to have injured her back while lifting a man hole cover, and that she did not return to duty for seven (7) weeks. The remaining averments in this paragraph are denied as after reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies the same and demands strict proof thereof at trial.

    28.    It is admitted only that the Plaintiff's probationary period was extended seven (7) weeks due to her seven (7) week absence from work during her probationary period. The remaining averments in this paragraph are denied, and the Plaintiff is left to her proofs.

    29.    Denied. After reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies the same and demands strict proof thereof at trial.

    30.    Denied. After reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies the same and demands strict proof thereof at trial.

31.     Denied.  After reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies the same and demands strict proof thereof at trial.

32.     Denied.  After reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies the same and demands strict proof thereof at trial.

33.     Denied.  After reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies the same and demands strict proof thereof at trial.

34.     Denied.  After reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies the same and demands strict proof thereof at trial.

35.     It is admitted that on May 19, 1999 the Plaintiff reported two (2) hours late for her shift, and was subsequently issued a written reprimand on May 25, 1999.  It is specifically denied that male officers were routinely late without receiving such a written reprimand.  To the contrary, written explanations and hand-written reprimands are commonly issued to all officers who are late for a shift.

36.     Denied.  After reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies the same and demands strict proof thereof at trial.

37.     Denied.  After reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies the same and demands strict proof thereof at trial.

38.     Denied.  After reasonable investigation, Answering Defendants lack sufficient

knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies the same and demands strict proof thereof at trial.

39. Denied. After reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies the same and demands strict proof thereof at trial.

40. Denied. After reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies the same and demands strict proof thereof at trial.

41. Denied. After reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies the same and demands strict proof thereof at trial.

42. Denied. After reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies the same and demands strict proof thereof at trial.

43. Denied. After reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies the same and demands strict proof thereof at trial:

    (a) It is admitted only that the Plaintiff's probationary period was extended by seven (7) weeks. However, it is specifically denied that the extension was as a result of discrimination or retaliation, but rather due to Plaintiff's extended absence from work for seven (7) weeks during her probationary period.

    (b) Denied. After reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained

        in this paragraph and, therefore, denies the same and demands strict proof thereof at trial.

    (c)    Denied as stated. It is admitted only that Officer Maloney followed police requirements and notified his supervisors of the Plaintiff's action which were known violations of police procedures.

    (d)    It is specifically denied that the Plaintiff's employment was wrongfully terminated. To the contrary, on or about November 9, 1999 the Plaintiff's employment was terminated due to her failure to perform to the satisfaction of the Chief and/or because she engaged in conduct contrary to the policies and procedures of the department as provided for in the Pennridge Regional Police Department guidelines.

44.    Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.

## COUNT I - GENDER DISCRIMINATION

45.    Answering Defendants incorporate by reference its answers to all previous allegations in all previous counts as fully as though the same were set forth herein at length.

46.    Denied. After reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies the same and demands strict proof thereof at trial.

47.    Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation,

Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.

48. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.

49. Denied. After reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies the same and demands strict proof thereof at trial.

50. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.

**WHEREFORE**, Answering Defendants demand judgment in their favor and against all other parties, plus interest, costs and fees and other relief deemed appropriate by the court.

### COUNT II - DISCRIMINATION BASED ON RACE

51. Answering Defendants incorporate by reference its answers to all previous allegations in all previous counts as fully as though the same were set forth herein at length.

52. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation,

Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.

53. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.

54. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.

55. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.

56. Denied. After reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies the same and demands strict proof thereof at trial.

57. Denied. The averments contained in this paragraph state conclusions of law to

which no answer is required. By way of further answer, however, after reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.

**WHEREFORE**, Answering Defendants demand judgment in their favor and against all other parties, plus interest, costs and fees and other relief deemed appropriate by the court.

### COUNT III - WRONGFUL DISCHARGE

58. Answering Defendants incorporate by reference its answers to all previous allegations in all previous counts as fully as though the same were set forth herein at length.

59. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.

**WHEREFORE**, Answering Defendants demand judgment in their favor and against all other parties, plus interest, costs and fees and other relief deemed appropriate by the court.

### COUNT IV - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

60. Answering Defendants incorporate by reference its answers to all previous allegations in all previous counts as fully as though the same were set forth herein at length.

61. Denied. After reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies the same and demands strict proof thereof at trial.

62.   Denied.  The averments contained in this paragraph state conclusions of law to which no answer is required.  By way of further answer, however, after reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.

**WHEREFORE**, Answering Defendants demand judgment in their favor and against all other parties, plus interest, costs and fees and other relief deemed appropriate by the court.

### COUNT V - DEFAMATION

63.   Answering Defendants incorporate by reference its answers to all previous allegations in all previous counts as fully as though the same were set forth herein at length.

64.   (a) through (f).  Denied.  After reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies the same and demands strict proof thereof at trial.

65.   Denied.  The averments contained in this paragraph state conclusions of law to which no answer is required.  By way of further answer, however, after reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.  By way of further answer, any reports made by Officer Maloney were done in accordance with the police department requirements that all members of the force must report violations of the rules to their superiors.

66.   Denied.  The averments contained in this paragraph state conclusions of law to which no answer is required.  By way of further answer, however, after reasonable investigation,

Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.

67. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial. By way of further answer, Plaintiff was justly terminated because she failed to perform to the satisfaction of the Chief and/or because she engaged in conduct contrary to the policies and procedures of the department as provided for in the Pennridge Regional Police Department guidelines.

**WHEREFORE**, Answering Defendants demand judgment in their favor and against all other parties, plus interest, costs and fees and other relief deemed appropriate by the court.

## **AFFIRMATIVE DEFENSES**

68. Plaintiff's claims fail to state any cause of action against Answering Defendants upon which relief can be granted.

69. Plaintiff's claims are barred due to failure to exhaust all proper administrative remedies.

70. Plaintiff's claims are barred because Plaintiff failed to timely file a charge with the EEOC.

71. Plaintiff's claims are barred because such claims exceed the scope of the charges Plaintiff filed with the EEOC.

72. Plaintiff's claims are barred due to the doctrine of justification.

73. Plaintiff's claims are barred by the statute of limitations and/or laches.

74. Plaintiff's claims are barred because of the doctrine of res judicata.

75. Plaintiff's claims are barred because of statutory and/or common law.

76. If the damages of Plaintiff are true and proven, which are denied, then such damages were not caused by any conduct of Answering Defendants, which was secondary and passive, but were caused by the primary and active conduct of third parties over whom this Answering Defendants had no control.

77. Plaintiff's claims are barred due to Answering Defendants' governmental and sovereign immunity.

78. Plaintiff's claims are barred due to Answering Defendants' qualified immunity.

79. Plaintiff's claims are barred due to Answering Defendants' legislative immunity.

**WHEREFORE**, Answering Defendants demand judgment in their favor and against all other parties, plus interest, costs and fees and other relief deemed appropriate by the court.

Respectfully submitted,

**MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.**

BY:_____
KELLY BRACKEN TAIT, ESQUIRE
Attorney for Defendants
Identification No.: 76571
10 South Clinton Street, Suite 106
Doylestown, PA 18901
(267) 880-3696
(267) 880-0545 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this **21st day of August, 2002** a true and correct copy of the foregoing **Answer to Second Amended Complaint with Affirmative Defenses** was served on all parties of record by Federal Express.

 

                                          KELLY BRACKEN TAIT, ESQUIRE
                                          Attorneys for Defendants,
                                          Pennridge Regional Police Department
                                          and  Officer Timothy Maloney

**VERIFICATION**

I, KELLY BRACKEN TAIT, ESQUIRE, hereby state that I am attorney for Defendants; that I am authorized to take this Verification on their behalf; that I have read the foregoing Answer to Plaintiff's Second Amended Complaint with Affirmative Defenses; and, the averments set forth therein are true and correct to the best of my knowledge, information and belief.

Further, I understand that this Verification is made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

_____
KELLY BRACKEN TAIT, ESQUIRE

DATE:   August 21, 2002