**IN THE UNITED STATED DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MADELINE CRUZ** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| **vs.** | : | |
| | : | **NO. 02-CV-4372** |
| **PENNRIDGE REGIONAL** | : | |
| **POLICE DEPARTMENT** | : | |
| **and** | : | |
| **OFFICER TIMOTHY MALONEY** | : | |

## MOTION FOR LEAVE TO FILE REPLY BRIEF

Defendants, Pennridge Regional Police Department and Officer Timothy Maloney, by and through their undersigned attorneys, hereby submit this motion and aver as follows:

1. Plaintiff commenced this action by the filing of a Civil Action Complaint in which she alleges discrimination based on race and discrimination based on gender during her employment at Defendant, Pennridge Regional Police Department.

2. The discovery having been closed, defendants filed a Motion for Summary Judgment pursuant to F.R.C.P. 56 on or about April 24, 2003.

3. Plaintiff filed an opposition to the Motion for Summary Judgment on or about May 12, 2003.

4. In her response, plaintiff argues that a number of events during her employment demonstrate an illegal animus based on her race and/or gender and thus violated her civil rights. The plaintiff cites to a number of events during her employment which cannot possibly be construed as being motivated by either race or gender.

5. Since the Plaintiff filed her response to the Motion for Summary Judgment, the United States Supreme Court has issued an opinion in the case of Desert Palace, Inc. v. Costa, __ U.S.__, 2003 WL 21310219 (June 9, 2003), which may have a bearing on the motion in the instant case.

6. A number of the facts cited by plaintiff is supporting her claims of discrimination in the basis

PH052764.1

of race and/or gender could not have been anticipated by the defendants in supporting her claim when the Motion for Summary Judgment was originally filed.

7. Defendants seek leave for the Court's permission to file Reply Brief to address several facts pointed to by plaintiff in her opposition to the Motion for Summary Judgment.

8. Defendants are filing this motion pursuant to pre-trial procedures of Judge Robert F. Kelly.

9. Defendants seek to file a Reply Brief in the form attached hereto.

**WHEREFORE**, Defendants hereby request that this Honorable Court grant its Motion for Leave to File a Reply Brief .

Respectfully submitted,

**MARKS, O'NEILL,
　O'BRIEN & COURTNEY, P.C.**

BY:＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　KEVIN J. O'BRIEN, ESQUIRE
　　TIMOTHY D. RAU, ESQUIRE
　　Attorney for Defendants
　　Identification No.: 38393/84707
　　1880 John F. Kennedy Boulevard, Suite 1200
　　Philadelphia, PA 19103
　　(215) 564-6688

PH052764.1

**IN THE UNITED STATED DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MADELINE CRUZ** : | **CIVIL ACTION** |
|     **Plaintiff** : | |
| **vs.** : | |
| : | **NO. 02-CV-4372** |
| **PENNRIDGE REGIONAL** : | |
| **POLICE DEPARTMENT** : | |
|     **and** : | |
| **OFFICER TIMOTHY MALONEY** : | |

**REPLY BRIEF OF DEFENDANTS, PENNRIDGE REGIONAL POLICE DEPARTMENT AND OFFICER TIMOTHY MALONEY**

Defendants, Pennridge Regional Police Department ("Department") and Officer Timothy Maloney, by and through its undersigned attorneys, hereby submit this Reply Brief in support of its Motion for Summary Judgment previously filed pursuant to F.R.C.P. 56.

Plaintiff is pursuing this cause of action alleging that her employment was terminated because she was (1) a woman, and/or (2) she is Puerto Rican, and/or (3) she was subjected to sexual harassment. The instant case is one in which the Plaintiff is arguing that her employment was terminated because of her gender, race, or complaints about sexual harassment. Under the mixed motive burden shifting analysis applied in such cases by the Supreme Court, the Plaintiff carries the burden of initially showing an illegal or improper motive for the employment action. Desert Palace, Inc. v. Costa, __ U.S.__, 2003 WL 21310219, pg. 3. The Court noted that the Civil Rights Act of 1991, 42 U.S.C.A. §2000e-2(m), provides that "a Plaintiff need only 'demonstrate' that an employer used a forbidden consideration with respect to 'any employment practice.'" Id. at pg. 6. If the Plaintiff succeeds in proving such an improper motive existed, the burden then shifts to the employer to show that it would have made the same decision even if it had not allowed the improper motive to play a role in the decision. Id. at pg. 3.

In the instant case, Plaintiff has not met her burden of showing that an improper motive played a role in the Defendant's decision to terminate her employment as is required by Costa. Plaintiff merely cites to a

PH052764.1

number of incidents she claims prove a gender and/or racial bias in the Police Department. The incidents cited by the Plaintiff do not satisfy the requisite burden of proof of an illegal motive in the Department's decision to terminate her employment.

In response to the Motion for Summary Judgment plaintiff has cited a number of distinct incidents that occurred during her employment at Defendant, Pennridge Police Department. In opposition Motion for Summary Judgment, plaintiff has cited incidents which she alleges indicate that Department was motivated to terminate her employment by her race, gender, or charges of sexual harassment.. Plaintiff has also cited a number of incidents in her Opposition Brief that do not appear to have any rational connection to race or gender. In order to proceed with the cause of action based on racial or gender discrimination, plaintiff must be able to cite the evidence that supports her contention that one of these improper factors was a factor in the Department's decision to terminate her. See Costa, _ U.S. _ (2003). Plaintiff cannot point to sufficient evidence to prevail against this Motion for Summary Judgment and defendants' motion should be granted.

With regard to plaintiff's charge of sexual harassment, plaintiff has failed to point to evidence of conduct that was sufficient to sustain such a cause of action. In order to proceed with the cause of action for sexual harassment, sexual harassment must be so "severe or pervasive as to alter the conditions of the victim's employment and create an abusive working environment." Meritor Savings Bank, FSB v. Vinson, 4477 U.S. 17, 67, 106 S. Ct. 2405 (1986). Merely quoting, "off hand, it is an isolated incident", are not sufficient to set forth a claim for a hostile work environment. Faragher v. City of Boca Raton, 118 S. Ct. 2275, 2283-84 (1998). A mere offensive utterance or horse play should not be construed as sexual harassment. Oncale v. Sundouner Off Shore Services, Inc., 523 U.S. 75, 80 (1998). A number of the incidents cited by plaintiff in supporting her claim of a hostile work environment cause of action either do not rise to the level of discrimination as required by the Supreme Court or simply have nothing to do with the plaintiff's gender whatsoever.

In support of her claim, plaintiff alleges that cartoons displayed in the men's locker room which she deemed to be offensive constitute a hostile work environment. See plaintiff's Opposition Brief, page 5. Plaintiff does not adequately explain how she obtained the cartoons that were displayed in the men's locker

PH052764.1

room. The cartoons cited by Plaintiff as supporting her claims of gender discrimination and sexual harassment were not displayed in the public areas of the police station where Plaintiff would have been involuntarily exposed to the allegedly offensive cartoons. However, plaintiff sought out these cartoons by venturing into the men's locker room and subjecting herself to cartoons that she deemed to be offensive. Moreover, plaintiff has not adequately explained how these cartoons depicting other officers relate to her gender.

In support of her claim, plaintiff alleges that she was asked different questions during her interview than male employees. See plaintiff's Opposition Brief at page 4. Plaintiff claims that during her interview process, she was asked how her plans to marry would affect her career as a police officer. Plaintiff's response to this question did not affect her employment as she was ultimately hired by the interviewing committee. Plaintiff has pointed to this question as improper but has failed to adequately address how this particular interview question affected her employment and subjected her to gender discrimination.

In her brief, plaintiff has also cited a prank phone call which she deemed to be offensive as support for her gender discrimination arguments. Plaintiff claims that she received a phone call in which another officer identified himself as an attorney and accused the plaintiff of touching is client's private parts. See plaintiff's Opposition Brief, page 9. This prank phone call cited by the plaintiff is clearly horseplay and certainly does not rise to the level of harassment cited by the Supreme Court. Plaintiff has also failed to adequately explain whether this prank was motivated by the Plaintiff's gender or national origin.

As an alternate or concurring cause of action in the instant case, plaintiff has alleged that her employment was terminated by Defendant, Pennridge Regional Police Department because of her race. To support this cause of action, plaintiff cites a number of incidents which she believed were motivated by her race. Plaintiff notes in her Opposition Brief that several Hispanics who were present at a call where she was the responding officer accused her of being a "sell out." See plaintiff's response, page 8. Defendants are at a loss as to how this comment by a private citizen supports plaintiff's claims of race discrimination. This comment was not made by the defendants or any of its employees. Plaintiff also alleges that Officer Maloney once told her that he had a problem with Black people. See plaintiff's Opposition Brief, page 7. Plaintiff also

PH052764.1

cites an incident in which a German couple asked Sergeant Apgar to "thank the nice colored girl." See plaintiff's Opposition Brief, page 7. The aforementioned incidents cited by the Plaintiff do not involve comments which were not uttered by any of the defendants or employees of Pennridge Regional Police Department.

In support of her claims, plaintiff argues that Officer Maloney's relationship with her was argumentative. See plaintiff's Brief, page 15. The fact that plaintiff perceived Officer Maloney's relationship with her to be argumentative does not prove that Officer Maloney took any action against her because of her race. In fact, Officer Maloney's performance evaluations of the plaintiff were positive. See plaintiff's Brief at page 3. Plaintiff does not explain why Officer Maloney would have originally given her good performance reviews if he illegally discriminated against her because of her race and/or gender. Lastly, in support of her claims of race and/or gender discrimination, plaintiff cited to a number of incidents which do not appear to have any bearing whatsoever on her race and/or gender. Plaintiff sites to a messy desk which consisted of paper, candy wrappers and chewing gum. See plaintiff's Brief at page 13. Plaintiff has failed to explain how paper, candy wrappers, and chewing gum were motivated by her gender and/or race or how these incidents amount to sexual harassment.

Although plaintiff has cited to a number of incidents which she did not like or made her feel uncomfortable, plaintiff has not produced sufficient evidence to support either one of her discrimination claims. Plaintiff has failed to produce sufficient evidence to support her claim of a hostile work environment and to support her cause of action for gender discrimination. Likewise, plaintiff has not produced enough evidence to support her claim of racial discrimination on the part of any of the defendants in the instant matter.

PH052764.1

Accordingly, defendants respectfully request that Summary Judgment be entered in its favor and all claims against defendants be dismissed.

Respectfully submitted,

**MARKS, O'NEILL,
    O'BRIEN & COURTNEY, P.C.**

BY:_____
KEVIN J. O'BRIEN, ESQUIRE
TIMOTHY D. RAU, ESQUIRE
Attorney for Defendants
Identification No.: 38393/84707
1880 John F. Kennedy Boulevard, Suite 1200
Philadelphia, PA 19103
(215) 564-6688

**IN THE UNITED STATED DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MADELINE CRUZ** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| **vs.** | : | |
| | : | **NO. 02-CV-4372** |
| **PENNRIDGE REGIONAL** | : | |
| **POLICE DEPARTMENT** | : | |
| **and** | : | |
| **OFFICER TIMOTHY MALONEY** | : | |

## CERTIFICATE OF SERVICE

I, Timothy D. Rau, Esquire, hereby certify and state that a true and correct copy of Defendants' Motion for Leave to File Reply Brief and Reply Brief have been forwarded to all interested parties listed below via first class, postage pre-paid mail.

J. Bradley McDermott, Esquire
FELDMAN & PINTO, P.C.
1604 Locust Street, 2R
Philadelphia, PA   19103

                                        Timothy D. Rau, Esquire

Date: _____