## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| MADELINE CRUZ | : |
|          Plaintiff, | : |
| | : |
|      v. | :     Civil Action No. 02-CV-4372 |
| | : |
| PENNRIDGE REGIONAL POLICE | : |
| DEPARTMENT | : |
|     And | : |
| OFFICER TIMOTHY MALONEY | : |
| c/o Pennridge Regional Police | : |
| Department | : |
|          Defendants. | : |

_____

### PLAINTIFF'S RESPONSE TO DEFENDANT'S
### PETITION FOR TRIAL CONTINUANCE

Madeline Cruz, by and through her counsel, hereby responds in opposition to Defendant's

Request for Continuance as follows:

      1.     Admitted.

      2.     Denied.  Plaintiff is without sufficient knowledge and/or information to admit or

deny whether Chief Randall Dilling was recently admitted to the hospital due to complications he

was having with regard to a prior surgery.  Plaintiff denies that Defendant, Chief Randall Dilling

is a "key" witness.  Chief Randall Dilling was deposed by the Plaintiff in this matter and counsel

for Defendants were present and capable of asking any questions that they felt relevant.  Plaintiff

is agreeable to permitting admissible portions of Chief Randall Dillings deposition testimony to

be read into evidence. In addition, Plaintiff also agrees to permit any documents relevant to this

case written by Chief Dilling to be read into evidence. Plaintiff will not present a hearsay

objection.

3.    Admitted.

4.    Admitted.

5.    Denied.  It is denied that Chief Dilling's live testimony is "crucial" for defendants

in this matter with respect to the retaliatory discharge claim.  Chief Dilling was deposed and

questioned as to Madeline Cruz's employment and her termination. Plaintiff admits that Chief

Dilling recommended that Plaintiff's employment be terminated however his recommendation

simply followed that of Lieutenant Sutton and Sgt. Apgar who supervised Plaintiff. Chief

Dilling's knowledge of the events cited as the reasons for Plaintiff's termination (set forth in a

memo dated November 9, 1999 attached hereto as Plaintiff's Exhibit "1") was supplied to him by

his subordinate officers who are available for trial.

6.    Denied.  Plaintiff is without sufficient knowledge or information to admit or deny

averments set forth in paragraph 6.

7.    Denied.  Plaintiff is without sufficient knowledge or information to admit whether

Defendant's had hoped to present the testimony of Chief Dilling. Plaintiff  deny's that the issues

in this case have changed dramatically since the Court's July 29, 2003 Order.  The same issues

relating to retaliatory discharge were present throughout the litigation.  Defendants have been on

notice of Plaintiff's claim since the filing of the complaint. Plaintiff's evidence remains the same

both before and after the Court's July 29, 2003 Order. The Court Order simply narrowed

Plaintiff's claims.

       8.     Admitted in part, denied in part. It is admitted that Chief Dilling was questioned

about issues involving harassment and the hostile work, however, Chief Dilling was also

questioned as to the basis for Plaintiff's termination (See Dilling Dep. Tr. Pages 30-45 attached

as Plaintiff's Exhibit "2"). Chief Dilling was questioned as to his memo to Madeline Cruz dated

November 9, 1999 (attached as Exhibit "1") wherein he lists the reasons for her termination.

Plaintiff has no objection to the introduction of the November 9, 1999 memo nor any other

memos by Chief Dilling at the time of trial. The reasons listed by Chief Dilling for Plaintiff's

termination involved events to which he was not a party. Chief Dilling came to know of the

factual background used to terminate Plaintiff through reports and recommendations of his

subordinates, namely, Sergeant Apgar and Lieutenant Sutton. Testimony as to the cited reasons

for termination and the factual background can be elicited by available witnesses to include

Lieutenant Sutton, Sergeant Apgar and Sergeant Blake.

       9.     Admitted. Plaintiff's counsel objects to Defendant's continuance request

for the

aforesaid reasons and the following:

       a.     Plaintiff agrees that admissible portions of Chief Dilling's deposition be used at trial by the parties for any purpose;

       b.     Plaintiff agrees that any and all inter-departmental memos or writings by Chief Dilling (produced in discovery) can be used by the parties at trial for any purpose;

       c.     The stated reasons for Plaintiff's termination involved events reported to Chief Dilling by his subordinates. Chief Dillings had little to no first hand knowledge. The persons with first hand knowledge, Lieutenant Sutton and Sergeants Blake and Apgar are available for trial and can testify as to their recommendations to

        Chief Dilling and their knowledge of the events reported to Chief Dilling.

d.     Plaintiff will be unduly prejudiced. Plaintiff has arranged the testimony of her expert witnesses and hired and paid a process server to serve numerous subpoenas to witnesses including Lieutenant Sutton who is in the Pittsburgh, Pennsylvania area.

e.     A rescheduled trial may create new and unforseen problems for other witnesses who are truly "crucial" and "key" to the parties claims and defenses.

10.    Denied.  It is denied that defendants will be unduly prejudiced. To the contrary,

 Plaintiff is the party who will be unduly prejudiced if the trial is continued. Plaintiff has already arranged the testimony of her expert witnesses. Plaintiff has paid a process server to serve numerous subpoenas to witnesses including Lieutenant Sutton who is in the Pittsburgh, Pennsylvania area.  Plaintiff has arranged to be off of work. Plaintiff  does not believe that Chief Dilling is a "crucial" witness for the defendants in this matter.  Chief Dilling merely acted upon the recommendations of those below him for his recommendation to the Board of Commissioners that Madeline Cruz be terminated.

11.    Denied.  Plaintiff is without knowledge or information as to whether the defendants can provide this Court with an Affidavit from Chief Dilling regarding his condition.

WHEREFORE, Plaintiff respectfully requests that this Court deny defendant's request for continuance and proceed with trial as scheduled.

                       Respectfully Submitted,
                       FELDMAN & PINTO


By:    _____
                 J. Bradley McDermott, Esquire
                 Attorney for Plaintiff,
                 Madeline Cruz

Dated:  August 25, 2003

## CERTIFICATION OF SERVICE

I hereby certify that I caused the below-described documents to be mailed via United States

Mail to the person listed below on the date below.

DATE:              August 27, 2003


DOCUMENT:          (Cruz v. Pennridge Regional Police Dept., et al.)
                   Plaintiff's Response to Defendants' Petition for Trial Continuance


PERSON:            Kevin O'Brien, Esq.
                   Marks, O'Neill, O'Brien & Courtney, P.C.
                   1880 John F. Kennedy Blvd.
                   Suite 1200
                   Philadelphia, PA 19103




                                        FELDMAN & PINTO


                                        BY:_____
                                              J. Bradley McDermott, Esq.
                                              1604 Locust Street, 2R
                                              Philadelphia, PA  19103
                                              (215) 546-2604




G:\Docs\PA\cruz\pleadings\030825P-Resp2Pet4TrialCont.wpd