IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| _____ | : | |
| MADELINE CRUZ | : | |
|         Plaintiff, | : | |
| | : | |
|      v. | : | Civil Action No. 02-CV-4372 |
| | : | |
| PENNRIDGE REGIONAL POLICE | : | |
| DEPARTMENT | : | |
|     And | : | |
| OFFICER TIMOTHY MALONEY | : | |
| c/o Pennridge Regional Police | : | |
| Department | : | |
|         Defendants. | : | |
| _____ | : | |

**PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE ANY AND ALL OPINIONS WRITTEN OR VERBAL OF DEFENDANT'S EXPERT JOSEPH J. STINE THAT REFLECT IN ANY WAY HIS OPINION AS TO THE ISSUE OF WHETHER OR NOT THE DEFENDANTS DISCRIMINATED AGAINST THE PLAINTIFF AND THE CREDIBILITY OF ANY PARTY OR WITNESS**

Plaintiff Marasol Cruz in the following Motion in Limine respectfully prays that this Honorable Court preclude Defendants' expert Joseph J. Stine from;1)stating his opinion as to the whether or not the acts of the defendants constitute discrimination, and 2) opining as to the credibility and motivation of the defendants.

**I.    STATEMENT OF FACTS**

The defendants have submitted the expert report of Joseph J. Stine who is held out to be an expert in the training, practices and procedures utilized by the police in the performance of their duties as they relate to this racial and gender discrimination case. Mr. Stine in his report opines outside of the scope of his alleged expertise and encroaches on the fact finding function of the court and the jury. In his report, Mr Stine renders opinions as to whether or not the defendants in fact discriminated against Ms. Cruz. Mr Stine also opines as to the motivation and credibility of the defendants and their agents when describing their culpable conduct.

Mr. Stine's opines the following when evaluating the plaintiff's allegation of negative treatment by her Field Training Officer:

" It is further my opinion that nothing in Ms. Cruz comments about this period of training shows any indication that Officer Mahony was acting out of any form of prejudice against her race or gender" (See Exhibit "A", p 3)[1]

Further, Mr. Stine opines the following related to the "crude cartoons" and practical jokes that the plaintiff suffered:

> It is my opinion that the attempts at humor were generally the same for Ms. Cruz as they were for the other members of the PRPD...The cartoons in which Ms. Cruz was featured were not directed to her race or gender...It is my opinion that these attempts at humor were not motivated by any race or gender bias. In fact they seem to be just the opposite they are an indication of the acceptance of Ms. Cruz into the closely knit group...It is my opinion that nothing in these comments is an indication of race or gender discrimination. (See Exhibit "A", p 4)

As to the examples of bias that the plaintiff gives in her deposition, Mr. Stine opines the following:

> "...and in my opinion none of them (the examples of bias) add up to any type of race or gender discrimination. In addition, more importantly it is my opinion that none of these things had any effect on the termination of her probation." (See Exhibit "A", p 5) A portion of Mr. Stine's overall opinion is as follows:

> It is my opinion that the PRPD demonstrated that it held no bias or prejudice against Ms. Cruz when they hired her as an intern. .... In my opinion this clearly demonstrate that the PRPD had no bias or prejudice against female and or Hispanic persons" (See Exhibit "A", p 6)

---

[1] Exhibit A, the report of Mr. Stine, contains underlining provided by counsel that designates the statements that plaintiff respectfully requests be precluded.

II.    LEGAL ARGUMENT

It is well settled that the ultimate issue of a case is not to be resolved by expert testimony, the issue is to be decided by the jury upon all of the evidence in obedience of the judge's instructions as to the law. The experts ought not to be allowed to express their conclusions on the whole case. <u>United States v. Spaulding</u>, 55 S. Ct. 273 *276, 293 U.S. 498 *505 (1935).

In <u>Whitmill v. City of Philadelphia,</u> 29 F. Supp. 2d, 241 * 246 (E.D.P.A.,1998) one of the questions for the jury to determine was the legality of the polices conduct in stopping the defendant and the credibility of the of the officers that stopped him. The court found that it is in error for an expert to express an opinion as to the legality of the defendant's stop because " as a general rule an expert's testimony on issues of law is inadmissible." (<u>Id</u> citing to <u>U.S. v. Bilzerian</u>, 926 F2d 1285, 1294 (2nd Cir. 1991). The court stated that:

> "this issue, was a matter for the jury to decide after proper instruction from the court. Allowing the plaintiff to elicit such testimony from an expert witness would have usurped the role of the court and the jury" <u>Supra</u> at * 246.

In this case the ultimate issue of law is whether or not the defendants discriminated against Ms. Cruz. The issue is for the jury after instruction from the Court. It is improper for Mr. Stine to opine, as he has, that the defendants did not discriminate against Ms. Cruz, his statements to that effect should be precluded.

Additionally the <u>Whitmill</u> court found that it is error to allow an expert to testify as to the credibility of one of the arresting officers in that case. The court stated that allowing an expert to testify as to the officer's credibility would have usurped the jury's role in accessing credibility. "Credibility determinations are within the exclusive province of the fact finder" <u>Supra</u> at * 246, citing to <u>Sheridan v. EI DuPont de Nemours and Co.</u>, 100 F3d 1061, 1072 (3rd Cir 1996). It is therefore improper under

Pennsylvania law to permit Mr. Stine to opine that,

> "The cartoons in which Ms. Cruz was featured were not directed to her race or gender...It is my opinion that these attempts at humor were not motivated by any race or gender bias. In fact they seem to be just the opposite they are an indication of the acceptance of Ms. Cruz into the closely knit group...It is my opinion that nothing in these comments is an indication of race or gender discrimination. "

Mr Stine's opinion, as reflected in this and other statements as cited from his report above, go to the defendants motivation, character and credibility and is improper under Pennsylvania law , as it is for the jury to decide the nature of the actions of defendants and their credibility.

In consideration of the foregoing the Plaintiff respectfully submits that the defendants' expert Joseph J. Stine be precluded from;1) stating his opinion as to the whether or not the acts of the defendants demonstrate discrimination, and 2) be precluded from opining as to the credibility and motivation of the defendants.

WHEREFORE, because the foregoing expert opinions or statements at trial related to Mr. Stine's opinion as to whether or not the defendants discriminated against the plaintiff and his opinion of the credibility of the defendants is not permissible under Pennsylvania law the plaintiff respectfully request that any evidence, testimonies, or argument related to the foregoing be precluded at the time of trial.

                FELDMAN & PINTO

By: _____
    Rosemary Pinto, Esquire
    Attorney for Plaintiff
    1604 Locust Street, 2R
    Philadelphia, PA 19103
    (215) 546-2604

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MADELINE CRUZ : | |
|     Plaintiff, : | |
| : | |
|     v. : | Civil Action No. 02-CV-4372 |
| : | |
| PENNRIDGE REGIONAL POLICE : | |
| DEPARTMENT : | |
|     And : | |
| OFFICER TIMOTHY MALONEY : | |
| c/o Pennridge Regional Police : | |
| Department : | |
|     Defendants. : | |

**ORDER**

AND NOW, this _____ day of _____, 2003, defendant's expert Joseph J. Stine is precluded in rendering any and all opinions written and verbal that reflect in any way his opinion as to the issue of whether or not the defendants discriminated against the plaintiff and the credibility of any party or witness.

_____ J.

## CERTIFICATION OF SERVICE

I hereby certify that I caused the below-described documents to be mailed via United States Mail to the person listed below on the date below.

DATE: December 1, 2003

DOCUMENT: **PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE ANY AND ALL OPINIONS WRITTEN OR VERBAL OF DEFENDANT'S EXPERT JOSEPH J. STINE THAT REFLECT IN ANY WAY HIS OPINION AS TO THE ISSUE OF WHETHER OR NOT THE DEFENDANTS DISCRIMINATED AGAINST THE PLAINTIFF AND THE CREDIBILITY OF ANY PARTY OR WITNESS**

PERSON: Timothy Rau, Esquire
Marks, O'Neill, O'Brien & Courtney, P.C.
1880 John F. Kennedy Blvd.
Suite 1200
Philadelphia, PA 19103


FELDMAN & PINTO


BY:_____
Rosemary Pinto, Esquire
Attorney for Plaintiff
1604 Locust Street, 2R
Philadelphia, PA 19103
(215) 546-2604